IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW J. MURRAY,                      :

    Plaintiff                           :    Civil Action No. 3:11-CV-2302

    v.                                  :

JELD-WEN, INC., PRUDENTIAL              :    JUDGE RICHARD P. CONABOY
INSURANCE CO. OF AMERICA,
SHASTA ADMINISTRATIVE SVCS.,            :

    Defendants.                         :

FILED
SCRANTON
SEP 19 2012
PER _____
DEPUTY CLERK

**MEMORANDUM**

We consider here a Motion for Summary Judgment (Doc. 18) filed by Defendant Shasta Administrative Services ("Shasta" or "Defendant") on May 18, 2012. In this motion Shasta seeks judgment in its favor on Count I of the Amended Complaint filed by Plaintiff Matthew J. Murray ("Plaintiff" or "Murray") on February 10, 2012. (Doc. 8). The Amended Complaint seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA") to obtain benefits provided by a Master Benefit Plan (the "Plan") devised by Plaintiff's employer, JELD-WEN, Inc. ("JW"), for the benefit of its employees, one of whom was Plaintiff Murray. More specifically, Plaintiff seeks both short term disability (STD) under the Plan and long term disability (LTD) benefits under an insurance policy which was underwritten by Defendant Prudential Insurance Company of America ("Prudential") pursuant to the Plan. Shasta's role was to provide administrative services as the link between JW and

1

Prudential.[1] For the reasons discussed below, we conclude that Shasta's Motion for Summary Judgment must be granted.

I.  **Background**

Plaintiff was employed by JW in April of 2007 (Doc. 20, paragraph 2; Doc. 21 paragraph 2). The disability benefits Plaintiff seeks relate to the JW Master Welfare Benefit Plan (the "Plan") which was maintained by JW for its eligible employees (Doc. 20, paragraph 3; Doc. 21 paragraph 3). Shasta, a wholly-owned subsidiary of JW, functioned as the third-party administrator for JW's employees benefit programs provided under the Plan. (Doc. 20, paragraph 4; Doc. 21, paragraph 4). Plaintiff claims that he is entitled to both STD and LTD benefits under the plan and that Shasta, acting in concert with Prudential and JW, wrongly denied his application for said benefits. (Doc. 8, paragraphs 20-23).

Shasta asserts that JW pays the entire cost of an employee's coverage for STD benefits under that plan and that STD benefits are limited to a duration of 13 weeks. (Doc. 20, paragraphs 5 and 9). Shasta also asserts that by the end of September, 2010, Plaintiff had received the maximum amount of STD benefits available under the plan. (Doc. 20, paragraph 12).

With respect to Plaintiff's application for LTD benefits under the Plan, Shasta contends that Prudential underwrote such

---

[1] The context of this case is like that in many ERISA actions in that we have an employer which has created an ERISA plan, a third party administrator that administers claims thereunder, and an insurer that is the ultimate source of payment for certain benefits.

benefits and had the sole discretion to make determinations about who was entitled to receive them. (Doc. 20, paragraphs 14-20). Shasta reasons that, because it had no discretion to make a determination regarding LTD benefits, only the party with that discretion, Prudential, can be an appropriate defendant with respect to that facet of Plaintiff's claim.

## II. Discussion

### A. *Summary Judgment Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A disputed fact is "material" if it could affect the outcome of the suit, given the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986). A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor, *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir.2005). Nonetheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record. *Celotex Corp. V. Catrett*, 477 U.S. 317, 322-23, (1986).

This requirement upholds the underlying purpose of the rule, which is to avoid a trial "in cases where it is unnecessary and would only cause delay and expense." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. *Celotex,* supra, at 322; *Wisnieweski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir.1987). If the non-movant's evidence is merely speculative, conclusory, "or is not significantly probative, summary judgment may be granted." *Anderson,* supra, at 249-50 (internal citation omitted).

A plaintiff's mere belief is not enough to create a dispute of material fact sufficient to survive summary judgment. See *Lexington Ins. Co. V. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir.2005)(holding that speculation is not sufficient to defeat a motion for summary judgment). As we have said before, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp., Ltd. V. Colkitt,* 455 F.3d 195, 201 (3d Cir.2006).

**B.  Shasta's Motion for Summary Judgment**

Shasta contends that it is entitled to summary judgment in its favor on all claims against it. Specifically, Shasta asserts that

4

the Plaintiff's claim for STD benefits has already been fully satisfied and that his claim for LTD benefits against Shasta must fail because Shasta had no discretion to grant or deny such benefits under the terms of the plan. Shasta contends that this lack of discretion eliminates it as a proper defendant here under relevant caselaw.

### 1. Plaintiff's Claim for STD Benefits

Plaintiff and Shasta do not dispute that Plaintiff was entitled to STD benefits under the plan. Rather, their dispute concerns whether Plaintiff received all the STD benefits to which he was entitled. The plan provided for a maximum of 13 weeks of STD benefits at a maximum rate of $250.00 per week (Doc. 19-1, Exhibit A-1, Appendix A at 131).

Shasta asserts that Plaintiff's claim for STD benefits was approved and benefits commenced on April 27, 2012 (Doc. 19 at 3). To support this assertion Shasta, in addition to its pleadings, provided an affidavit from Brenda Glenn, the Short-Term Disability and COBRA Administrator for Shasta, which indicates that Plaintiff's benefits were completely paid between April 27, 2010 and sometime in September, 2012. (Doc. 19-1, Exhibit A, Paragraph 6-8).

Plaintiff asserts in its Brief in Opposition to Shasta's Summary Judgment Motion (Doc. 22) that a material factual dispute exists as to whether he received all STD benefits to which he was

entitled. Plaintiff bases this assertion on an email generated by Ms. Glenn on September 1, 2012 which indicated, as of that date, that Shasta had not paid the maximum amount of STD benefits due Plaintiff. (Doc. 22 at 2). [2]

In its Reply Brief (Doc. 24), Shasta responds that Plaintiff's citation to Ms. Glenn's email of September 1, 2012 is "a highly selective - - and plainly misleading - - portrayal of the facts." (Doc. 24 at 2). To clarify the record, Shasta provides a second sworn affidavit from Ms. Glenn in which she states that: (1) Plaintiff had not received his maximum amount of STD benefits as of September 1, 2010 because he had failed to provide supplemental proof of ongoing disability as required by the plan; (2) Plaintiff furnished Shasta with that supplemental proof in the form of a letter from his physician on September 23, 2012; and (3) Plaintiff then received all remaining STD benefits to which he was entitled by September 28, 2012. (Doc. 24-1, Exhibit A, paragraphs 10-14).

Upon review of the briefs and supporting materials offered by the parties, we conclude that there is no credible dispute here upon any material factual matter that might affect the outcome of

---

[2] We note that Plaintiff's counsel did not attach the e-mail in question to its brief but, rather, referenced that the email is an exhibit in another case pending before this court. Counsel is reminded that Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.8 require that those documents a party wishes to rely upon in connection with maintaining or defending a summary judgment motion be made part of the record. Incorporating a potentially important document by reference is unacceptable in this context. Nevertheless, as it happens, the court did review the document because Shasta's counsel attached it as an exhibit to one of the documents upon which Shasta relies.

this issue. Shasta's Motion for Summary Judgment, properly supported as it is with the sworn affidavits that supply context to Ms. Glenn's email of September 1, 2010, dispels any reasonable argument that Plaintiff did not receive the maximum STD benefits to which he was entitled under the plan. The email which Plaintiff strives to characterize as evidence of a material factual dispute is, when seen in temporal context, a mere snapshot of the situation as it existed on the date it was transmitted. The clarifying affidavit executed by Ms. Glenn that was submitted with Shasta's reply brief clarifies completely that Plaintiff received the full measure of STD benefits to which he was entitled under the terms of the plan. [3]

Plaintiff's allusion to Ms. Glenn's email of September 1, 2010 cannot be properly seen as creating a material factual dispute from which a reasonable jury could return a verdict for Plaintiff on this issue. Consequently, Shasta's Motion for Summary Judgment on the issue of STD benefits must be granted.

**2. Plaintiff's Claim for Long Term Disability Benefits**

Plaintiff also submitted a claim for LTD benefits under the Plan. (Doc. 20, paragraph 13; Doc. 21, paragraph 13). The Plan provides that such LTD benefits are provided under a group insurance contract (the "Contract") underwritten by Prudential.

---

[3] Obviously an ERISA plaintiff cannot receive benefits in excess of those his plan provides. *Henglein v. Colt Industries Operating Corp.*, 260 F.3d 201 (2001).

7

(Doc. 20, paragraph 15; Doc. 21, paragraph 15). Shasta's Memorandum of Law in Support of Its Motion for Summary Judgment (Doc. 19) includes both the text of the Plan and the text of the Contract that govern receipt of LTD benefits in this situation.[4] Both of these documents clearly categorize Prudential as the party with sole discretion to award or deny LTD benefits. By way of example:

   (1) The Plan states that "entitlement to a benefit under the Long-Term Disability Benefit Program <u>will be determined by the insurance carrier underwriting the benefit</u> in accordance with the provisions of the underlying insurance policy. (Emphasis supplied). The insurance company has full, discretionary authority to administer claims, interpret the provisions of the insurance policy and otherwise decide all questions regarding an Employee's benefit entitlements, including considering and deciding all appeals of Long-Term Disability claims. (Doc. 19-1, Ex. A-1, Section 23.7).

   (2) The Contract states, in pertinent part, that Long-Term

---

[4] A subsequent filing by Plaintiff (Doc. 21) in response to Shasta's Statement of Material Facts (Doc. 20) disingenuously avoids admissions about the contents of the Plan by noting that the documents "have not been provided to Plaintiff." Since Plaintiff's counsel was already in receipt of the documents by virtue of the fact that they were previously made part of the record in this case, it appears that unequivocal admissions should have been made with respect to the content of paragraphs 16 through 20 of Shasta's Statement of Undisputed Facts, each of which seeks, essentially, admissions that relevant sections of the Plan, as represented in Shasta's Statement of Undisputed Facts, are verbatim accurate. (Doc. 20).

>   Disability coverage begins "<u>when Prudential determines that you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury...</u>". (Doc. 19-1, Ex. A-2, Appx. at 17). (Emphasis supplied).
>
> (3) With respect to LTD benefits, the Summary Plan Description which accompanies the Plan states: "<u>the Prudential Insurance Company of America as claims administrator has the sole discretion to interpret the terms of the Group Contract</u> to make factual findings, and to determine eligibility for benefits". (Doc. 19-1, Ex. A-1, Appx. at 19). (Emphasis supplied).

In sum, the Plan and the Contract consistently reiterate the concept that only Prudential has the authority to decide whether an employee is entitled to LTD benefits.

Plaintiff's argument in support of his claim for LTD benefits against Shasta is premised on the notion that a jury could properly infer that Shasta had joint discretion with Prudential to make a decision on his LTD claim. As was the case in his argument for STD benefits, Plaintiff relies upon an email generated by Brenda Glenn, this one to Julie Chretien of Prudential, on September 13, 2010. That email provides wage information to Prudential in connection with Plaintiff's claim for LTD benefits and also contains comment from Ms. Glenn in which she opines: "I don't think he (Plaintiff

9

Murray) qualifies for anything but I will let you be the judge." (Doc. 21, Ex. 3). Plaintiff would have this Court conclude that Ms. Glenn's email of September 13, 2010 creates a material factual dispute regarding whether Shasta had some degree of discretion to decide Plaintiff's claim for LTD benefits. [5] This Court cannot agree. Ms. Glenn's editorial comment is actually more probative of the conclusion that she recognized that Prudential had sole discretion on the LTD benefits issue. She did, after all, categorize Prudential as "the judge" and this categorization is completely consistent with the relevant portions of the Plan, the Contract, and the Summary Plan Description cited above. Balanced against the clear, consistent categorization of Prudential as the entity with sole discretion under all relevant documents, Ms. Glenn's opinion about whether Plaintiff would ultimately qualify for LTD benefits is simply insufficient to create a material issue of fact on this important point. For a claimant to survive summary judgment, he must present a quantum of evidence sufficient for a jury to return a verdict in his favor. *Anderson, supra*, at 249.

---

[5] Plaintiff does cite other correspondence in an attempt to support the proposition that Shasta had discretion to deny his claim for LTD benefits. Some of these other items of correspondence refer to Plaintiff's claim for STD benefits and, thus, have no bearing on the issue of which party had discretion to make decisions on LTD benefits. Other correspondence relied upon by Plaintiff (see Doc. 21, Ex. 5) relates only that Plaintiff's counsel had not forwarded the letter of representation that was necessary for Shasta to approve release of Plaintiff's information to counsel and brief discussion of the medical records upon which Plaintiff relied. Taken together, these items of correspondence provide no scintilla of proof that Shasta ever exercised any degree of discretion with respect to the decision on Plaintiff's LTD benefits.

That evidence must be more than merely colorable it must also be significantly probative. *Id* at 249-50. We conclude that Plaintiff has not adduced the necessary, "significantly probative" evidence to create a legitimate question regarding whether Shasta had some degree of control over the decision on Plaintiff's application for LTD benefits. Thus, because this Court agrees with the parties that the controlling case law, *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 Fed. Appx. 556 (3d. Cir. 2009), provides that only the Plan itself, or an entity with discretion under the Plan to make a determination on benefits, can be a proper defendant in an ERISA action,[6] this Court concludes that summary judgment must be granted in Shasta's favor on the issue of LTD benefits.

## III. Conclusion

For the reasons discussed above, we conclude that Defendant's Motion for Summary Judgment (Doc. 18) is properly granted as regards both Plaintiff's claim for STD benefits and Plaintiff's claim for LTD benefits. Plaintiff's similar claims against Defendants Prudential and JW are unaffected by the Court's decision to grant Shasta relief here. An Order consistent with this Memorandum will be entered contemporaneously.

DATED: 9-19-12

---

[6] While we recognize that *Evans* is not a "precedential" decision of the Third Circuit, it is factually analogous to the instant case and the parties concur that it controls here. See Shasta's Memorandum of Law in Support of Motion for Summary Judgment (Doc. 19 at 8-9) and Plaintiff's Brief in Opposition to Shasta's Motion for Summary Judgment (Doc. 22 at 3-4).